**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) Case No.: 98-CR-128-SEH |
| **ERNEST CLIFTON ROWLAND,** | ) |
| | ) |
| **Defendant.** | ) |

**REPORT AND RECOMMENDATION OF
<u>UNITED STATES MAGISTRATE JUDGE</u>**

NOW on this 28th day of July, 2008, there came on for hearing before the undersigned United States Magistrate Judge the Motion to Conduct Private Sale [Dkt. 152] of the United States of America in which the United States requested permission to conduct a private sale, the appointment of appraisers and asked to resolve occupancy of the following described property located in Tulsa County, Oklahoma:

> **Lot Seventeen (17), Block Twenty-Four (24), Amended Plat of NORTHRIDGE SECOND ADDITION to the City of Tulsa, Tulsa County, State of Oklahoma, according to the recorded plat thereof, also known as 4827 N. Wheeling Avenue, Tulsa, OK 74130.**

Appearing for the United States of America was Phil Pinnell, Assistant United States Attorney. Notice was given the Defendant, Ernest Clifton Rowland, by mail, and to any unknown occupant of the subject premises, and they appeared not.

Based upon the statements of Plaintiff's counsel and the arguments and evidence submitted, the undersigned United States Magistrate Judge RECOMMENDS that the Court enter an order that:

(1) pursuant to 28 U.S.C. § 2001(b) the subject real property shall be sold at a private judicial sale;

(2) the property shall be sold in a commercially reasonable manner and in accordance with 28 U.S.C. § 2001(b);

(3) the Plaintiff may employ Juanita Smith, of RE/MAX Executives, 7615 E. 63rd Pl., Ste. 105, Tulsa, Oklahoma, to market and sell the real property at private judicial sale;

(4) the Plaintiff may pay Juanita Smith, of RE/MAX Executives, a fee of $2,500.00 to be deducted from any accepted offer that may be made at the sales transaction;

(5)  A United States Marshal shall assist the realtor, Juanita Smith, of RE/MAX Executives, in obtaining entrance to the property, and re-keying the premises in order to allow reasonable access inside.  Juanita Smith, of RE/MAX Executives, is granted access to the subject property during regular business hours (i.e., 9:00 a.m. - 7:00 p.m., any day of the week) for marketing purposes and is hereby granted authority to conduct a sale on the subject property. Defendant shall not interfere with reasonable access to the subject property for marketing or sale; and

(6) that Pamela Fegley, 2263 S. Rockford, Tulsa, Oklahoma; Rick Peterson, 5514 S. Lewis, Tulsa, Oklahoma; and Phillip B. Sanger, 3336 E. 32nd St., Ste. 1A,

Tulsa, Oklahoma, are appointed as three disinterested persons residing in Tulsa County, Oklahoma, to appraise the subject property.

In accordance with 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), a party may file specific written objections to this report and recommendation. Such specific written objections must be filed with the Clerk of the District Court for the Northern District of Oklahoma within ten (10) days of being served with a copy of this report.

If specific written objections are timely filed, Fed. R. Civ. P. 72(b) directs the district judge to:

> make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence or recommit the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b); see also 28 U.S.C. § 636(b)(1).

The Tenth Circuit has adopted a "firm waiver rule" which "provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of factual and legal questions." *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)). Only a timely specific objection will preserve an issue for de novo review by the district court or for appellate review.

DATED this 29th day of July, 2009.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE